**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**KIM MONTGOMERY**                                                              **PLAINTIFF**

**V.**                    **CASE NO.: 4:09CV00881 JLH/BD**

**MICHAEL J. ASTRUE, Commissioner,
Social Security Administration**                                        **DEFENDANT**

**<u>RECOMMENDED DISPOSITION</u>**

**I.**       **<u>Procedure for Filing Objections</u>:**

The following Recommended Disposition has been sent to United States District Chief Judge J. Leon Holmes. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite A149
      Little Rock, AR 72201-3325

**II.     Introduction:**

Plaintiff Kim Montgomery has appealed the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for a Period of Disability and Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). For reasons that follow, this Court recommends that the District Court reverse the final decision of the Commissioner and remand the case.

**III.    Procedural History:**

Ms. Montgomery filed her application for benefits on January 22, 2007, with a protective filing date of January 17, 2007. Plaintiff alleges she became disabled on July 24, 2003, as the result of back, knee, and ankle problems. (Tr. 77)

After the Commissioner denied the applications at the initial and reconsideration stages of administrative review, Ms. Montgomery requested a hearing. The Administrative Law Judge ("ALJ") held a hearing on August 5, 2008, at which Ms. Montgomery appeared with her attorney Alan Nussbaum. (Tr. 24-65)

At the time of the hearing, Ms. Montgomery was 35 years old, with a twelfth-grade education. (Tr. 30) She had also completed Dental Assistant training. Ms. Montgomery was 5'4" tall and weighed approximately 135 pounds. (Tr. 32-33) During the time period at issue here, her weight fluctuated between 135 and 160 pounds. (Tr. 33) She had past relevant work as a dental assistant. (Tr. 78-79)

At the hearing, the ALJ received testimony from the Plaintiff and vocational expert David O'Neal ("VE"). On November 17, 2008, the ALJ issued a decision denying benefits. (Tr. 13-23) The Appeals Council denied the Plaintiff's request for review on October 9, 2009. (Tr. 1-4) Ms. Montgomery filed the current Complaint for Review of Decision (docket entry #2) on November 20, 2009.

IV. **Findings of the ALJ:**

The ALJ followed the required five-step sequential analysis set out in social security regulation, 20 C.F.R. § 404.1520, finding that: (1) Plaintiff had not engaged in substantial gainful activity since the filing of her disability application; (2) she suffered from a "severe impairment" as that term is interpreted for purposes of the Social Security Regulations; (3) Plaintiff did not have an impairment, or combination of impairments, that rose to the level of severity for any impairment listed in Appendix 1 to Subpart P, Regulation No. 4; (4) she was unable to perform any past relevant work; but (5) Plaintiff retained the residual functional capacity ("RFC") to perform slightly less than a full range of sedentary work.[1] At step five, the ALJ found that a significant number of jobs existed in the economy which Ms. Montgomery was capable of performing.

---

[1] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

Ms. Montgomery contends that the ALJ's RFC finding was not based upon substantial evidence in the record. The Defendant argues the ALJ made a substantially supported decision that Ms. Montgomery retained the RFC to perform a reduced range of sedentary work.

V.   **Analysis:**

In reviewing the ALJ's decision, this Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g). This review function is limited, and the decision of the ALJ must be affirmed "if the record contains substantial evidence to support it." *Edwards v. Barnhart,* 314 F.3d 964, 966 (8th Cir. 2003). "Substantial evidence is less than a preponderance but enough so that a reasonable mind could find it adequate to support the decision." *Id.*

Evidence that both supports and detracts from the ALJ's decision must be considered, but the decision cannot be reversed "merely because there exists substantial evidence supporting a different outcome." *Id.* "Rather, if, after reviewing the record, . . . it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings," the ALJ's decision must be affirmed. *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000) (citations and quotations omitted). Thus, the Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); 42 U.S.C. § 405(g).

4

A. **Assessment of Physician Opinions:**

Ms. Montgomery argues that the ALJ decision was not based on substantial evidence in the record because he failed to give adequate weight to the findings of two of her treating physicians, Brad Jenkins, M.D., and Kevin Collins, M.D. According to the Plaintiff, the opinions of these treating doctors support a presumptive finding of disability. (#13, p. 13-14)

If the ALJ finds "that a treating source's opinion on the issue(s) of the nature and severity of [the applicant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the applicant's] record, [the ALJ] will give it controlling weight." 20 C.F.R. § 404.1527(d)(2). In this case, the ALJ credited the findings of another treating physician, Christopher K. Mocek, M.D., over the findings of Dr. Jenkins and Dr. Collins. (Tr. 19-21)

After reviewing the entire medical record, this Court cannot find error in the ALJ's analysis of the various medical opinions. As the ALJ noted, Dr. Mocek was principally responsible for treating Plaintiff's back impairments. (Tr. 20) He was also a spine specialist. Plaintiff sought treatment from Dr. Jenkins intermittently, while Dr. Mocek treated Plaintiff on a much more consistent basis. (Tr. 240-252; 253-308, 340-341) Dr. Collins referred Plaintiff to Dr. Mocek and noted that Dr. Mocek "pretty much serve[d] as the primary [physician] at [that] point." (Tr. 309, 294-297)

"It is well established that an ALJ may grant less weight to a treating physician's opinion when that opinion conflicts with other substantial medical evidence contained within the record." *Prosch v. Apfel*, 201 F.3d 1010, 1013-14 (8th Cir. 2000). The ALJ discussed the opinions of Ms. Montgomery's various treating physicians at length. His findings regarding the weight to give each opinion was supported by substantial medical evidence in the record. It appears, however, that the ALJ failed to consider Plaintiff's postural limitations when determining her RFC.

**B.     Plaintiff's Residual Functional Capacity:**

The ALJ bears the initial responsibility for assessing a plaintiff's RFC. *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). The RFC reflects what a person can do despite her limitations. 20 C.F.R. § 404.1545. In determining RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that a plaintiff can perform in a work setting, after giving appropriate consideration to all of her impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). The ALJ must determine RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and the plaintiff's own descriptions of her limitations. *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003); *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001).

Here, the ALJ determined that Ms. Montgomery maintained the RFC to perform slightly less than a full range of sedentary work. (Tr. 16-21) The record contains substantial evidence to support the ALJ's determination that Plaintiff could perform some sedentary work, but only if she could perform postural activities.[2] The ALJ did not making a finding, however, as to Ms. Montgomery's postural limitations.

The medical evidence strongly supports Ms. Montgomery's assertion that she suffered some postural limitations. The postural limitation question was clearly an issue during the administrative hearing. (Tr. 60-64) The ALJ asked the VE to provide employment information for four separate hypothetical questions. (Tr. 55-59) In three of the four hypotheticals, the ALJ provided the VE with varying degrees of postural limitations. Of those three, one hypothetical described a light exertional level, and the remaining two described a sedentary exertional level.

The ALJ ultimately found that Plaintiff retained the RFC for sedentary work. Of the two sedentary hypotheticals with postural limitations, one included occasional postural limitations and the other total postural limitations. Despite substantial evidence in the record showing Ms. Montgomery had at least some postural limitations, the ALJ did not make a finding as to whether Ms. Montgomery had only some postural limitations or total postural limitations. (Tr. 16)

---

[2] Potential postural activities include climbing, balancing, stooping, kneeling, crouching, and crawling. (Tr. 318)

It is clear from the VE's testimony that if Plaintiff was only occasionally limited in postural movements, she could still perform sedentary work. (Tr. 56-57) In the administrative decision, the ALJ noted that the VE testified that "stooping" is not required in sedentary employment. (Tr. 20) The Commissioner argues that Plaintiff could do the jobs the VE identified whether or not she had a stooping limitation. (Tr. #14, p. 11) That conclusion, however, is not supported by the Social Security Rulings, the VE's testimony, or by the ALJ's own comments.

Under Social Security Ruling 85-15, if a person can occasionally stoop, then the sedentary job base is virtually intact. Social Security Ruling 85-15. When presented with a hypothetical almost identical to the ALJ's ultimate finding, but that also precluded postural activities, the VE testified that such an individual would not be able to perform any work in the national economy. (Tr. 58-59) When questioned by Plaintiff's attorney, the VE testified that postural limitations are not as important in sedentary work as they are to light work. (Tr. 62-63) Plaintiff's attorney stated, "[i]f I'm wrong, identify the jobs and tell me the authoritative source." (Tr. 63) After some discussion, the VE stated that he still believed stooping was not required in sedentary employment.[3] (Tr. 64) Still not satisfied, Plaintiff's attorney asked if there was an authoritative source that the VE could provide the Court. (Tr. 64) At that point, the ALJ cited Social Security Ruling 85-

---

[3] This belief appears contrary to the VE's previous testimony in response to the sedentary exertional hypothetical that precluded postural activities. (Tr. 59)

15 and took administrative notice that if a person was totally unable to stoop, "then that would preclude almost any type of job." (Tr. 64)

It is impossible to conclude whether Ms. Montgomery can or cannot perform sedentary work without first knowing whether she can perform work requiring postural abilities, *i.e.*, stooping. Without postural findings, the ALJ's RFC finding is not supported by substantial evidence in the record.

One could infer that the ALJ implicitly found that Plaintiff retained the ability to perform jobs requiring occasional postural activities, and mere errors in opinion-writing are not grounds for reversal. *McGinnis v. Chater*, 74 F.3d 873, 875 (8th Cir. 1996) (asserted errors in opinion-writing do not require a reversal if the error has no effect on the outcome). In this case, however, the primary issue discussed and debated at the hearing was Ms. Montgomery's residual ability to stoop and the extent of her postural limitations.

The Court is unwilling to assume a finding that is absent from the decision. More importantly, without a postural limitation finding, the VE's testimony does not constitute substantial evidence. A vocational expert's testimony constitutes substantial evidence if it is based on a properly phrased hypothetical question. *Goff v. Barnhart*, 421 F.3d 785, 794 (8th Cir. 2005). "A hypothetical question posed to the vocational expert is sufficient if it sets forth impairments supported by substantial evidence in the record and accepted as true." *Hunt v. Massanari*, 250 F.3d 622, 625 (8th Cir. 2001).

The hypothetical presented to the VE here, and ultimately adopted by the ALJ, did not contain any of the postural limitations that were supported by the record. Thus, the VE's testimony did not constitute substantial evidence.

The District Court should remand this case so that the Commissioner can make appropriate postural limitation findings. This is critical to an accurate determination of her RFC. It may also be necessary to hear additional testimony from the VE, in the light of Ms. Montgomery's postural limitations.

## VI. Conclusion:

After considering the record as a whole, this Court finds that the decision of the Commissioner is not supported by substantial evidence and that the case should be remanded. Accordingly, this Court recommends that the District Court reverse and remand this case for action consistent with this opinion. This Court recommends a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 3rd day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE